**Everado VASQUEZ, Appellant,**

v.

**The STATE of Texas.**

No. 1573–00.

Court of Criminal Appeals of Texas.

Sept. 12, 2001.

Robert G. Turner, Houston, for Appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

KEASLER, J., delivered the opinion of the Court, which KELLER, P.J., and MEYERS, PRICE, WOMACK, HERVEY, and HOLCOMB, JJ., joined.

■ Statutory law requires that accomplice-witness testimony be corroborated in order for a conviction to be valid. The question before us is whether this law requires corroboration of accomplice-witness testimony regarding a deadly weapon finding. Our answer is no.

### Facts

Everado Vasquez and his three partners-in-crime planned and initiated a bank robbery. While the other three charged the bank donning masks and brandishing guns, Vasquez took his place as the getaway driver. The group's attempt was thwarted by the courageous efforts of Edwin Lem, the bank's security guard and an off-duty police officer. Lem quickly opened fire on the bandits and a western-style shoot-out ensued while bank employees dove for cover. When the dust settled, the robbers had fled, the bank's money and employees were safe, and Lem was a hero.

### Procedural History

Vasquez was charged with aggravated robbery and the indictment alleged that he used and exhibited a deadly weapon. A jury found him guilty as charged in the indictment, so the trial court entered an affirmative finding of a deadly weapon on the judgment. The jury sentenced Vasquez to 40 years in prison.

On appeal, Vasquez argued, among other things, that the evidence was insufficient to support the deadly weapon finding because the only testimony that Vasquez had a weapon came from one of the accomplices, and that testimony was not corroborated by any other evidence. The State responded that Article 38.14 of the Code of Criminal Procedure requires corroboration for a conviction, not for a deadly weapon finding. The Court of Appeals considered this "issue of first impression" *en banc.*[1] The majority concluded that corroboration was required "in a case such as this," where the deadly weapon finding was entered by virtue of the jury finding Vasquez guilty as charged in the indictment.[2] The majority nevertheless found sufficient corroborating evidence and overruled Vasquez's point of error.[3] In a concurring opinion, Justice Taft criticized the majority's reasoning as being "in clear contradiction" of *Thompson v. State.*[4] Justice Taft advocated "apply[ing] the statute as it is written."[5] The Court of Appeals overruled the State's motion for rehearing. We granted the State's petition for discretionary review to decide whether the appellate court erred in concluding that accomplice-witness testimony regarding the use of a deadly weapon must be corroborated.

## Analysis

In *Polk v. State,* we explained that, in a jury trial, a trial court is required to enter a deadly weapon affirmative finding in three situations: where the jury has (1) found guilt as alleged in the indictment and the deadly weapon has been specifically pled in the indictment; (2) found guilt as alleged in the indictment but, though not specifically pled as a deadly weapon, the weapon pled is *per se* a deadly weapon; or (3) affirmatively answered a special issue on deadly weapon use.[6]

In this case, the indictment specifically pled that Vasquez used or exhibited a deadly weapon. The jury charge contained a "parties instruction" which permitted the jury to find Vasquez guilty if it found either that he committed aggravated robbery with a deadly weapon or if it found that any of his three cohorts committed aggravated robbery with a deadly weapon and Vasquez "solicited, encouraged, directed, aided or attempted to aid" them.[7] The jury found Vasquez guilty as charged in the indictment, so the deadly weapon finding was required under *Polk.*

Despite this, Vasquez argues that Art. 38.14 permits a deadly weapon finding only if there was evidence corroborating the accomplice testimony. He explains that the only testimony concerning the presence of weapons came from one of the accomplices. Since that testimony was not corroborated by any other evidence, he contends that the deadly weapon finding must fall.

1. *Vasquez v. State,* 25 S.W.3d 826, 827 (Tex. App.—Houston [1st Dist.] 2000) (en banc) (published in part).

2. *Ibid.*

3. *Id.* at 828.

4. *Id.* at 829 (Taft, J., concurring, joined by Schneider, C.J., and Hedges and Nuchia, J.J.), citing *Thompson v. State,* 691 S.W.2d 627 (Tex.Crim.App.1984).

5. *Id.* at 830.

6. *See Polk v. State,* 693 S.W.2d 391, 394 (Tex. Crim.App.1985).

7. *See* Tex.Code Crim. Proc. Art. 42.12, § 3g (deadly weapon finding may be made either when defendant used or exhibited a deadly weapon or when defendant "was a party to the offense and knew that a deadly weapon would be used or exhibited").

Art. 38.14 provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." This statute requires that accomplice testimony be corroborated for a conviction.

As the State notes, we have previously recognized that the accomplice witness rule in Art. 38.14 is a legislative creation not required by the common law or federal constitutional law.[8] As such, it is up to the legislature to expand or restrict its scope.[9] In acknowledging the statute's limited scope, we have held that its corroboration requirements are inapplicable to the testimony of accomplice witnesses as to extraneous offenses at the punishment stage of a capital murder trial.[10] In that same vein, we have also held that there is no requirement that the non-accomplice testimony corroborate the accused's connection to the specific element which raises the offense from murder to capital murder.[11]

▮ Art. 38.14, by its very terms, requires corroboration of accomplice testimony for a conviction only. This means there must be some non-accomplice evidence tending to connect the defendant to the crime, not to every element of the crime.[12] The corroboration requirements are inapplicable to the testimony of accomplice witnesses regarding the use or exhibition of a deadly weapon.

The Court of Appeals found non-accomplice testimony connecting Vasquez to the crime and therefore found the evidence sufficient to convict Vasquez.[13] There was no need for non-accomplice testimony connecting Vasquez to the use of a deadly weapon. Since there was non-accomplice evidence connecting Vasquez to the offense, and there was evidence that weapons were used during the offense, the evidence was sufficient to support the deadly weapon finding.

### Conclusion

The Court of Appeals erred to expand the scope of Art. 38.14 and hold that it requires corroboration of accomplice witness testimony regarding a deadly weapon finding. The statute is not so broad. It requires corroboration for a conviction only. We do not adopt the reasoning of the Court of Appeals, but we affirm its judgment.

JOHNSON, J., concurred in the result.

**8.** *Thompson,* 691 S.W.2d at 631.

**9.** *Id.* at 634.

**10.** *Ibid.*

**11.** *Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App.1986); *Holladay v. State,* 709 S.W.2d 194 (Tex.Crim.App.1986).

**12.** *See McDuff v. State,* 939 S.W.2d 607, 613 (Tex.Crim.App.1997).

**13.** *Vasquez,* 25 S.W.3d at 829 (portion of opinion not designated for publication).