Affirmed and Opinion filed June 27, 2002









Affirmed and Opinion filed June 27, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00541-CR

____________

 

ERIC BRIAN
ELLISON, Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris
County, Texas

Trial Court Cause No. 857,340

 



 

O P I N I O N

A
jury found appellant, Eric Brian Ellison, guilty of aggravated robbery.  See
Tex. Pen Code ' 29.03(a)(2) (Vernon 1994).  The jury assessed punishment at, and the
trial court sentenced appellant to, 15 years confinement.  We affirm.

FACTUAL
AND PROCEDURAL BACKGROUND








The
complainant, Wayne Dirks, stopped at a convenience store between 9:30 and 10:00
p.m. March 25, 2000.  As he was filling
his tank, a vehicle stopped behind him at the pumps.  Appellant walked over, stood beside Dirks,
and said, APut your hands up and don=t turn around.@ 
Appellant then put a pistol against Dirks= head.  In his peripheral vision, Dirks was able to
see appellant=s profile.

Dirks
heard appellant say, “Take it,” and someone then took Dirks’ wallet from his
pocket.  The wallet contained Dirks’
driver=s license, credit cards, telephone
calling card, and cash.  Appellant said, “Don’t
turn around until we are gone.”  Dirks
then heard car wheels squealing and saw a white van or recreational vehicle
speed away.  Dirks entered the
convenience store and reported the offense to the clerks.  The police arrived, and Dirks made a report.

Dirks
subsequently noticed unauthorized charges on his credit card and telephone
calling card statements.  Houston Police
Officer Paul Reese contacted the establishments where the credit cards had been
used.  He determined an unauthorized
charge occurred at the Channelview Gerland’s Food
Store around 1:00 a.m., March 26, 2000, just a few
hours after Dirks’ wallet had been stolen. 
Reese obtained the surveillance videotape taken at the store when the
credit card was used and had a still photograph made from the tape.

Reese
also obtained the telephone numbers of unauthorized calls made with Dirks’
stolen calling card.  Reese located the
addresses of phone numbers to which calls had been placed and met with the
residents at those addresses.  When he
showed one resident the still photograph from Gerland’s,
the resident identified appellant by name. 
Another resident at the same address said a second person in the
photograph was Lonnie Peoples.

Reese
placed appellant=s and People=s photographs in a photographic array with four other
photographs “of similar description” and showed the array to Dirks.  Dirks tentatively identified appellant’s
photograph as being a photograph of the person who held the gun to his head and
robbed him.  Reese then showed Dirks the
still photograph from the surveillance video, and Dirks positively identified
appellant because the photograph showed almost the exact view Dirks had the
night of the robbery, as opposed to the head-on views in the photographic
array.  Dirks also identified appellant
in court.








Dirks never saw anyone other than appellant during the
robbery.  Dirks explained he had no
reason to believe there was more than one person involved in the robbery,
except the fact appellant said, “Take it,” and someone took Dirks= wallet.  Either appellant “was talking to himself or
there was someone else there.”

Appellant denied committing the robbery.  He testified he was driving his grandmother’s
van that day, he loaned the van to his friends for a short time, and when his
friends returned, they told him they had committed a robbery.  Appellant claimed his friendsCPeoples and two othersCcommitted the robbery.  Appellant admitted he and his friends drove
to several establishments, including Gerland’s, and
used the stolen credit cards to buy merchandise.

The indictment alleged appellant did “while in the course of
committing theft of property owned by WAYNE DIRKS and with intent to obtain and
maintain control of the property, intentionally and knowingly threaten and
place WAYNE DIRKS in fear of imminent bodily injury and death,” and appellant
did “use and exhibit a deadly weapon, to-wit: A FIREARM.”  It did not allege liability as a party.

The court charged the jury on the law of parties.[1]  The court also charged the jury on the
substantive offense, in part, as follows:








Now, if you find from the evidence beyond a reasonable
doubt that on or about the 25th day of March, 2000, in Harris County, Texas,
the defendant Eric Brian Ellison, did then and there unlawfully, while in the
course of committing theft of property owned by Wayne Dirks and with intent to
obtain or maintain control of the property, intentionally or knowingly threaten
or place Wayne Dirks in fear of imminent bodily injury or death, and the
defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm;
or if you find from the evidence beyond a reasonable doubt that on or about the
25th day of March, 2000, in Harris County, Texas, Joe Peoples and/or Donnie Pentoha and/or Michael Camacho, did then and there
unlawfully, while in the course of committing theft of property owned by Wayne
Dirks and with intent to obtain or maintain control of the property,
intentionally or knowingly threaten or place Wayne Dirks in fear of imminent
bodily injury or death, and Joe Peoples and/or Donnie Pentoha
and/or Michael Camacho did then and there use or exhibit a deadly weapon,
to-wit: a firearm, and that the defendant, Eric Brian Ellison, with the intent
to promote or assist the commission of the offense, if any, solicited,
encouraged, directed, aided or attempted to aid Joe Peoples and/or Donnie Pentoha and/or Michael Camacho to commit the offense, if he
did, then you will find the defendant guilty as charged in the indictment.

 

The jury found appellant “guilty of aggravated robbery, as
charged in the indictment.”  At neither
stage of the trial did the court submit a special issue asking the jury to find
whether the defendant used or exhibited a deadly weapon or knew a deadly weapon
would be used or exhibited.  On the
judgment, the trial court circled “Yes” indicating an affirmative deadly weapon
finding.

DISCUSSION

In a single point of error, appellant contends the
affirmative deadly weapon finding must be deleted from the judgment because (1)
the evidence raised the issue of guilt under the law of parties, and (2) the
trier of fact did not make the specific finding required by Texas Code of Criminal
Procedure Article 42.12, section 3g(a)(2). 
Because the evidence did not raise the issue of guilt under the law of
parties, the trial court did not err in making an affirmative finding a deadly
weapon was used.








Appellant=s point of error is based on
provisions in Texas Code of Criminal Procedure article 42.12.  Under Article 42.12 section 3g(a)(2), judge-ordered community supervision is not
available

to a defendant when it is shown that a deadly weapon
as defined in Section 1.07, Penal Code, was used or exhibited during the
commission of a felony offense or during immediate flight therefrom, and that
the defendant used or exhibited the deadly weapon or was a party to the offense
and knew that a deadly weapon would be used or exhibited.

 

Tex. Code Crim. Proc. art. 42.12 ' 3g(a)(2)
(Vernon Supp. 2002).[2]  In addition, the statute provides: “On an
affirmative finding under this subdivision, the trial court shall enter the
finding in the judgment of the court.  On
an affirmative finding that the deadly weapon was a firearm, the court shall
enter that finding in its judgment.”  Id.

As the court of criminal appeals explained in Polk v.
State and reiterated in Vasquez v. State:

[I]n a jury trial, a trial court is required to enter
a deadly weapon affirmative finding in three situations:  where the jury has (1) found guilt as alleged
in the indictment and the deadly weapon has been specifically pled in the
indictment; (2) found guilt as alleged in the indictment but, though not
specifically pled as a deadly weapon, the weapon pled is per se a deadly
weapon; or (3) affirmatively answered a special issue on deadly weapon use.

 

Vasquez v. State, 56 S.W.3d 46, 47 (Tex. Crim. App. 2001) (citing Polk v. State,
693 S.W.2d 391, 394 (Tex. Crim. App. 1985)). 
The trial court in the present case properly followed Polk and Vasquez
by entering a deadly weapon affirmative finding because the jury found
appellant guilty as charged in the indictment and a deadly weapon was
specifically pleaded in the indictment.








The only evidence appellant may have had an accomplice was
Dirks’ testimony appellant said, “Take it,” before someone reached into Dirks’
pocket.  There is no testimony anyone
other than appellant possessed the gun. 
Under appellant’s version of events, appellant was not present at
all.  Thus, the evidence at trial allowed
the jury to believe either appellant was holding the gun during the robbery or
he was elsewhere.  Accordingly, the law
of the parties instruction was unnecessary.  Once the jury found appellant guilty as a
principal as charged in the indictment, the trial court, under Polk and Vasquez,
was required to enter the deadly weapon finding.

We overrule appellant=s sole point of error.  We affirm the judgment of the trial court.

 

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Opinion filed June 27, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1] The charge read in part:

 

All persons are parties to an offense who are guilty
of acting together in the commission of the offense.  A person is criminally responsible as a party
to an offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both.

 

A person is criminally responsible for an offense
committed by the conduct of another if, acting with intent to promote or assist
the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.  Mere presence alone will not constitute one a
party to an offense.





[2]The legislature amended Article 42.12 section 3g(a) in 2001.  See
Act of May 21, 2001, 77th Leg., R.S., ch. 786, ' 2, 2001 Tex. Gen. Laws 1528, 1529.  The amendment did not effect a change in
subsection 3g(a)(2).