Affirmed and Memorandum Opinion filed July 31, 2003














Affirmed and
Memorandum Opinion filed July 31, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00550-CR

_______________

 

RICHARD JAMES
PATZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________

 

On Appeal from
the 208th District Court 

Harris County, Texas

Trial Court
Cause No. 898, 370

__________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Richard James Patz
appeals a conviction for capital murder on the ground that the testimony of an
accomplice witness was not corroborated by evidence connecting appellant to the
offense.  We affirm.

            A person cannot be convicted upon
the testimony of an accomplice witness unless that testimony is corroborated by
other evidence “tending to connect” the accused with the offense
committed.  Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 1979).  However, the
non-accomplice evidence need not be sufficient, in itself, to support a
conviction[1] or
even to connect the defendant to every element of the crime.  Vasquez v. State, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001).

            In this case, the non-accomplice
evidence tending to connect appellant to the murder was that: (1) a few days
after the complainant’s murder, appellant was driving a truck owned by the
complainant; (2) three days after that, appellant was riding with the
accomplice in another truck that belonged to the complainant; and (3) a box
lying on top of the complainant’s body at the murder scene contained a latex
glove that had a fingerprint matching appellant’s.  Appellant argues, in effect, that, because he
was employed by the complainant, used latex gloves in that job, and was allowed
to use the complainant’s vehicles, the foregoing non-accomplice evidence
connects him only with being employed by the complainant, not his murder.  However, the facts that appellant was using
the complainant’s vehicles after his death and that the glove with his
fingerprint was found on the body tend
to connect him to the offense. 
Accordingly, the accomplice witness evidence was sufficiently
corroborated, appellant’s points of error are overruled, and the judgment of
the trial court is affirmed. 

 

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 31, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 

 











[1]           Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).