Affirmed and Memorandum Opinion filed February 5, 2004









Affirmed
and Memorandum Opinion filed February 5, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00397-CR 

NO.
14-03-00398-CR

____________

 

JOHNNIE DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause Nos. 911,909,
911,910

 



 

M E M O R A N D U M  
O P I N I O N

Appellant Johnnie Davis appeals from his convictions for the
felony offenses of possession with intent to deliver a controlled substance,
namely cocaine, and aggravated robbery. 
He presents two issues for review, both relating to alleged errors
committed by the trial court during the punishment phase.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.








Appellant waived a jury and entered a plea of guilty to both
of the above charged offenses without an agreed sentencing recommendation on
September 18, 2002.  Following completion
of a pre-sentence investigation report, the trial court found appellant guilty  as to both charges on March 24, 2003.  The trial court assessed punishment at forty
years= confinement and a fine in the
amount of $10,000 for the former offense and forty years= confinement for the latter,
with the sentences to run concurrently.

In his first issue, appellant argues the trial court
committed reversible error in admitting the audiotape recording because it was
not properly authenticated in accordance with the Texas Rules of Evidence.  We review a trial court=s decision to admit evidence
for abuse of discretion. Resendiz v. State,
112 S.W.3d 541, 544 (Tex. Crim. App. 2003).  We will not reverse that decision unless it
falls outside the zone of reasonable disagreement.  Id.

A party may satisfy the authentication requirement for
admissibility by presenting evidence sufficient to Asupport a finding that the
matter in question is what its proponent claims.@  Tex. R. Evid. 901(a); Angleton
v. State, 971 S.W.2d 65, 67 (Tex. Crim. App.
1998).  Rule 901(b) provides
illustrations of ways in which the proponent of evidence may satisfy the
authentication requirement, including, inter alia,
testimony of a witness with knowledge and voice identification.  See Tex.
R. Evid. 901(b)(1) and (5).  The
trial court=s decision to admit the
evidence will be sustained if it is reasonably supported by the record and
correct on any theory of law applicable to the case.  Willover
v. State, 70 S.W.3d 841, 845 (Tex. Crim. App.
2002).








At the hearing, the State presented evidence to authenticate
the audiotape.  As a result of the testimony
of the witness Allister Cotton, the State satisfied
both of the methods mentioned above for authenticating the evidence at
issue.  Through Cotton=s testimony that: (1)
identified the audiotape, (2) he was the person who made the audiotape, and (3)
the audiotape was an accurate recording of a conversation that took place on
May 11, 2002, the State presented the testimony of a witness with
knowledge.  Cotton also testified as to
the identities of the voices on the audiotape, thus authenticating the evidence
at issue by voice identification as well. 
Because the audiotape was authenticated by either the testimony of a
witness with knowledge or voice identification, the trial court did not abuse
its discretion in admitting it into evidence.[1]  Accordingly, appellant=s first issue is overruled.

In his second issue, appellant argues the trial court erred
during the punishment phase in considering evidence of an extraneous offense
which the State failed to show beyond a reasonable doubt.  He contends the State failed to corroborate,
in accordance with Section 15.03(b) of the Texas Penal Code, the testimony of
Cotton and Santillan to commit capital murder.  The State counters by arguing there is no
corroboration requirement during the punishment phase.  We agree with the State=s contention.

Section 15.03(b) of the Texas Penal Code provides:

A person may not be convicted under
this section on the uncorroborated testimony of the person allegedly solicited
and [sic] unless the solicitation is made under circumstances strongly
corroborative of both the solicitation itself and the actor=s intent that the other person act on
the solicitation.

The Court of Criminal Appeals has previously noted that this
subsection is a legislative creation, and thus not a constitutional mandate. See
Richardson v. State, 700 S.W.2d 591, 594 (Tex. Crim.
App. 1985).  Therefore, the decision to
either expand or restrict its scope lies within the authority of the
Legislature B not the courts. Vasquez v.
State, 56 S.W.3d 46, 48  (Tex. Crim. App. 2001).








The very terms of Section 15.03(b) convey its limited
scope.  They serve to prevent the conviction
of a person for the crime detailed in subsection (a) under certain
circumstances.  In this case, the State
offered the testimony of Cotton and Santillan during
the punishment stage.  Because at that
stage the issue was not appellant=s guilt but the proper
punishment to be assessed for his convictions for delivery of a controlled
substance and aggravated robbery, the testimony presented would not have
contributed to the conviction of appellant for criminal solicitation.  Therefore, we hold the corroboration
requirement provided in Section 15.03(b) is inapplicable during the punishment
phase of trial.[2]

Thus, the only remaining inquiry is whether the trial court
erred in considering evidence that appellant solicited Cotton and Santillan to commit capital murder.  The State may offer evidence of any relevant
extraneous crime if it is shown to have been committed by the defendant beyond
a reasonable doubt. Tex. Code Crim.
Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon 1981).  Since the trial court permitted the State=s evidence, it implicitly found
proof of appellant=s guilt beyond a reasonable
doubt.  Appellant argues the State failed
to meet its burden of proof.

In
evaluating legal sufficiency of the evidence, we must view the evidence in the
light most favorable to the finding and determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Reyes v. State, 84 S.W.3d 633,
636 (Tex. Crim. App. 2002).  A person commits the offense of criminal
solicitation if: (1) with the intent that a capital or first-degree felony be
committed, (s)he (2) requests, commands or attempts to induce another (3) to
engage in specific conduct that, under the circumstances surrounding his (her)
conduct as the actor believes them to be, would constitute the felony or make
the other a party to its commission. Tex.
Pen. Code Ann. ' 15.03(a) (Vernon 1994).








Santillan testified that, during a May
11 conversation, appellant told him the witnesses Aneed to be taken care of@ and Aneed to be gone.@  According to Santillan,
appellant then wrote the amount of 10,000 dollars on a slip of paper and slid
it over toward him.  Santillan
testified he understood these circumstances to mean that appellant was offering
him an amount of 10,000 dollars for each witness he killed.  We hold the evidence is legally sufficient to
find appellant committed the offense of criminal solicitation of capital
murder.  The trial court therefore did
not err in its consideration of such evidence during the punishment phase.  Accordingly, appellant=s second issue is overruled.

The judgment is affirmed.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 5, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  We note that
while appellant stresses Larry Williams=
testimony that there were anomalies in the recordings, this argument addresses
the weight, rather than the admissibility, of the evidence. See Porter v.
State, 969 S.W.2d 60, 66 (Tex. App.CAustin
1998, pet. ref=d).





[2]  The Court of
Criminal Appeals has applied similar analysis in interpreting an Aanalogous@
statute. See Jones v. State, 982 S.W.2d 386, 395 (Tex. Crim. App. 1998), cert. denied, 528 U.S. 985 (1999);
Ganesan v. State, 45 S.W.3d 197, 201 (Tex. App. CAustin 2001, pet. ref=d).