Affirmed and Memorandum Opinion filed October 6, 2005









Affirmed and Memorandum Opinion filed October 6, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00479-CR

_______________

 

JAMES EDWARD HILL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 958,571

___________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

James
Edward Hill appeals a conviction for aggravated robbery[1]
on the grounds that: (1) his custodial statement was erroneously admitted into
evidence because it was involuntary; (2) the evidence was factually
insufficient to prove that he knew a deadly weapon would be used or exhibited
during the commission of the offense; and (3) the trial court erred by not
allowing him to impeach a State=s witness with eight of her nine prior convictions for
prostitution.  We affirm.








Admission
of Custodial Statement

Appellant=s first point of error argues that
his video taped confession was involuntary because the detective=s assertion that elicited it was
coercive: Ado you realize you are giving up each
of these rights before you make this recording?@[2]

However,
this statement is not facially coercive, and appellant=s brief does not explain how or why
it was coercive under the circumstances or cite to any evidence from the
suppression hearing or otherwise suggesting that it was in any way
coercive.  Accordingly, appellant=s first point of error fails to
demonstrate error in admitting the confession and is overruled.

Factual
Sufficiency of Evidence

Appellant=s second point of error contends that
the evidence was factually insufficient to prove that he knew a deadly weapon
would be used or exhibited during the commission of the offense because,
excluding the uncorroborated testimony of an accomplice-witness, the remaining
proof of this element was too weak to support the verdict.

Although
there must be non-accomplice evidence connecting a defendant to the crime,
there need not be such evidence as to every element of the crime.   Vasquez v. State, 56 S.W.3d 46, 48
(Tex. Crim. App. 2001).  Thus, a deadly
weapon finding may be made on the uncorroborated testimony of an
accomplice.  Id.

In
this case, because appellant does not challenge the sufficiency of the
accomplice=s testimony to support the deadly
weapon finding apart from the lack of corroboration, and because such
corroboration is not required, appellant=s second point of error fails to
demonstrate that the evidence is factually insufficient.  Accordingly, it is overruled.

 








Impeachment
of State=s Witness

Appellant=s third point of error argues that
the trial court erred by excluding the complainant=s eight misdemeanor prostitution
convictions because those convictions had substantial impeachment value.

A
trial court must admit evidence of a witness=s prior conviction for any felony or
crime involving moral turpitude if it determines that the probative value of
admitting the evidence for impeachment outweighs its prejudicial effect to a
party.  Tex.
R. Evid. 609(a).  However, the
proponent of such evidence has the burden of demonstrating that the probative
value of a conviction outweighs its prejudicial effect.  Theus v. State, 845 S.W.2d 874, 880
(Tex. Crim. App. 1992).  A trial court has great latitude when deciding whether to
exclude or admit evidence of prior convictions and should be reversed on appeal
only when a clear abuse of discretion is shown. 
Id. at 881.  As relevant to
this case, the factors considered in weighing the probative value of a prior
conviction against its prejudicial effect include: (1) the impeachment value of
the prior crime; (2) the temporal proximity of the prior crime; (3) the
importance of the witness=s testimony to the case as a whole; and (4) the importance of
the witness=s credibility.  Id. at 880.








In
this case, the trial court ruled that the complainant=s 1993 felony conviction for
possession of a controlled substance and her 1994 misdemeanor conviction for
prostitution were admissible, but not her previous eight misdemeanor
prostitution convictions (dating from 1981 to 1993), concluding that those
earlier convictions would be Aso cumulative [that] the prejudicial effect would far
outweigh the probative value.@  Although appellant=s brief contends that the impeachment
value of those convictions is high because they reflect on the complainant=s character, it does not cite
authority or explain why multiple convictions for prostitution undermine the
complainant=s credibility significantly more than
a single such conviction.  Nor does
appellant=s brief even address why the
complainant=s testimony and credibility are
important to the case.  Under these
circumstances, appellant=s third point of error fails to demonstrate that the
probative value of the excluded evidence outweighed its prejudicial
effect.  Accordingly, it is overruled,
and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed October 6, 2005.

Panel consists of
Justices Hudson, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty, and the trial court assessed punishment of forty years
confinement. 





[2]           Appellant=s response to this question was, AYes, sir.@