**Opinion issued January 24, 2013**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-11-01017-CR

———————————

**RONALD REVIS, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1007798**

---

**MEMORANDUM OPINION**

After a jury found appellant, Ronald Revis, III, guilty of capital murder, the trial court assessed punishment at life imprisonment.[1]  In two issues, appellant

---

[1]   *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon 2011).

argues (1) there was insufficient non-accomplice evidence to corroborate the accomplices' testimony that appellant had committed the offense, (2) even with the accomplices' testimony, the evidence is insufficient to support his conviction, and (3) the evidence is insufficient to support his conviction under the law of parties.

We affirm.

## Background

Some time around November 18, 2004, appellant and four other men decided to rob a house. Appellant supplied at least three of the guns used. Eric Wilson identified the residence they would rob, a trailer home in Barrett Station, Harris County, Texas. When they arrived at the residence not long before 3:00 in the morning of November 18, the guns were handed out. Joseph Hope had a shotgun. Terrance Jones, Jr. had a .38 revolver. Paul Simpson had another revolver. Appellant had a .380 semi-automatic pistol. Everyone but Wilson approached the residence. Hope shot the lock on the front door, and the four men entered.

They encountered Kenneth Williams, who had been asleep on the couch. After they had taken his money and cigarettes, one of the robbers hit Williams with a gun, and Williams ran from the living room to the master bedroom. Williams grabbed the telephone, hid under the bed, and called 9-1-1. Eric Arline, complainant, came out of the bedroom into the living room. The robbers began

2

insisting that Arline give them money and drugs. Arline denied having either. Appellant and at least one other robber shot Arline. Arline's wife, Kinisha, came out of the bedroom. Hope told her to get the keys to Arline's two cars, which she did. She then ran to her daughter, who was crying, and covered her with her body. During the robbery, Arline's wife recognized two of the robbers as customers from a store she had worked at previously. She also saw appellant's face when he was talking to her and his bandana slipped down. She identified appellant at trial as that person.

Appellant got into one of Arline's cars, a white Buick Park Avenue. Jones got into the other car and then drove it into a ditch. Jones got out of that car and into the Buick with appellant. Hope and Simpson got into Hope's car, and everyone left.

The police arrived, and Arline was subsequently taken to the hospital where he died from his gunshot wounds. Police dispatchers put out a notice for the stolen Buick. Corporal J. Talber with the Harris County Constable's Office, Precinct 3 was working an off-duty security job for a Walgreens in east Houston when he heard about the stolen Buick. Around 3:00 in the morning, he saw a white Buick Park Avenue pass. He drove a slightly different route towards an apartment complex, and again saw the Buick pass him. He followed the Buick into an apartment complex. The Buick parked, and Corporal Talber stopped behind it.

3

Appellant got out of the driver's seat and was startled when he saw Corporal Talber. Corporal Talber pulled out his gun and ordered appellant to get on the ground. Appellant tried to run, but instead hit the car door. Jones also began to run. After a momentary chase around a nearby car, Jones fell, and Corporal Talber detained him. Appellant ran past them and disappeared. Some time later in the morning, he was arrested at his residence.

At trial, Jones and Hope testified. Both testified that appellant had been involved in the robbery, supplied at least some of the weapons, and was one of the people to shoot Arline. Arline's wife testified that she saw appellant's face when he talked to her during the robbery and his bandana fell down from his face.

Appellant also testified. He testified that he went over to the residence with the other men, but testified that he thought they were going to do a drug deal and the weapons were only for protection. He admitted to supplying at least some of the guns. He claimed that, instead of being involved in the robbery and shooting, he had remained in the car for most of the time and stood on the porch watching the events for the remainder. He admitted to taking the Buick.

**Sufficiency of the Evidence**

In his first issue, appellant argues that there was insufficient non-accomplice evidence to corroborate the accomplices' testimony that appellant had committed

4

the offense and that, even with the accomplices' testimony, the evidence is insufficient to support his conviction.

## A. Standard of Review

This Court reviews sufficiency-of-the-evidence challenges applying the same standard of review, regardless of whether an appellant presents the challenge as a legal or a factual sufficiency challenge. *See Ervin v. State*, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See id*. at 54. Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99

S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

In the first part of his first issue, appellant argues that there was insufficient non-accomplice evidence to corroborate the accomplices' testimony. "A conviction cannot be had upon the testimony of an accomplice unless corroborated

by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005).

"The test for sufficient corroboration is to eliminate from consideration the accomplice testimony and then examine the other inculpatory evidence to ascertain whether the remaining evidence tends to connect the defendant with the offense." *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). In conducting this sufficiency analysis, we disregard all accomplice evidence and determine whether the other inculpatory facts and circumstances in evidence tend to connect appellant to the offense. *Munoz v. State*, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993). The corroborating evidence under 38.14 need not be sufficient, standing alone, to prove beyond a reasonable doubt that the appellant committed the offense. *Joubert v. State*, 235 S.W.3d 729, 731 (Tex. Crim. App. 2007). "All that is required is that there is some non-accomplice evidence tending to connect the defendant to the offense." *Id.*

The offense at issue in this appeal is capital murder. A person commits capital murder if he intentionally commits murder in the course of committing or attempting to commit robbery. TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon 2011). For purposes of capital murder, murder means "intentionally or knowingly caus[ing] the death of an individual." *Id.* § 19.02(b)(1) (Vernon 2011). As it

applies here, robbery means intentionally, knowingly, or recklessly causes bodily injury to another in the course of committing theft and with the intent to obtain or maintain control of the property. *Id.* § 29.02(a)(1) (Vernon 2011). Theft means "unlawfully appropriat[ing] property with intent to deprive the owner of property." *Id.* § 31.03(a) (Vernon 2011).

It is undisputed that Jones and Hope, who participated in the commission of the offense and who testified against appellant at trial, were accomplice witnesses. There is ample corroborating evidence, however, connecting appellant to the offense. In particular, appellant testified that he was present at the scene of the crime. He testified that he supplied at least some of the weapons used in the crime. He also testified that he was the one who drove the stolen car from the scene of the crime. Furthermore, Arline's wife testified that she saw appellant's face during the commission of the offense when his bandana fell down while he was talking to her. Arline's wife testified that appellant had a gun in his hand, was inside the house, and was participating in the commission of the crime.

Appellant argues that Arline's wife's testimony is insufficient to corroborate the accomplice testimony because she did not see who shot Arline. This was not necessary, however. Rule 38.14 requires "some non-accomplice evidence tending to connect the defendant to the crime, not to every element of the crime." *Vasquez v. State*, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001).

Including the accomplice witness testimony, there is sufficient evidence to establish that appellant committed capital murder. Jones and Hope testified that appellant was one of the people demanding that Arline give them drugs and money. When Arline insisted he did not have any, Jones and Hope testified that appellant shot Arline. They also testified that appellant took the keys to the Buick and left in it.

We hold there is sufficient non-accomplice witness testimony to corroborate the accomplice witnesses' testimony. We further hold that there is sufficient evidence to support appellant's conviction for capital murder. We overrule appellant's first issue.[2]

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Because we have held that there is sufficient evidence to support a determination that appellant committed capital murder, we do not need to reach appellant's remaining issue of whether there was sufficient evidence to support a conviction under the law of parties. *See* TEX. R. APP. P. 47.1.