**MODIFY, REFORM and AFFIRM; and Opinion Filed May 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00390-CR

**RODNEY JEROME FOSTER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F12-71589**

## OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

Appellant Rodney Jerome Foster appeals from the judgment adjudicating him guilty of aggravated assault with a deadly weapon and his accompanying sentence of twenty years' imprisonment. Appellant asserts the following points of error: (1) the evidence was insufficient to sustain the conviction; (2) the judgment should be reformed to delete the deadly weapon finding in the absence of supporting jury findings; (3) the judgment should be reformed to show that there was no habitual offender finding; and (4) the court costs should be deleted because there is no bill of costs. We find no merit in appellant's first, second, and fourth arguments but sustain the third point of error and reform the judgment to delete the habitual offender finding. We affirm the trial court's judgment as reformed.

## BACKGROUND

Appellant and Doris Williams Foster are husband and wife. On July 29, 2012, Doris and appellant went to play pool with Doris's son and his girlfriend. Although Doris and appellant began arguing, Doris got into the car and left with appellant. While in the car, appellant said: "I'm going to smoke your kids." Doris then asked him to let her out of the car. Appellant stopped his car and left Doris standing on the road median.

Doris called her son Damion to come pick her up. Damion's friend, Bjay Lofton, was also in the car when they arrived. Damion was driving the car, Bjay was in the front passenger seat, and Doris got in the backseat. As they were driving, they saw appellant's car on the highway. Doris testified that appellant slowed down when he noticed Damion's car. She also observed that Quinton Brooks was riding in the passenger seat of appellant's car.

Doris then decided she needed her house and car keys from appellant so Damion followed appellant off the highway and pulled up next to him. The passenger side of Damion's car was next to the driver's side of appellant's car. Doris testified that no one got out of Damion's car. Doris, Damion and Bjay all testified that Quinton jumped out of appellant's vehicle and began shooting at Damion's car. Both Doris and Damion testified that they did not see the appellant shooting, but Bjay testified that appellant was leaning out of his window shooting a handgun at Damion's car.

Both Damion and Bjay were injured by the bullets, but Damion was able to drive away. He pulled into a liquor store where two police cars were parked. The police were not able to locate appellant or Quinton the night of the shooting, but did recover two different types of bullet cartridges where the shooting occurred. Some of the cartridges were fired by a pistol and others were consistent with an AK-47, SKS-type rifle.

–2–

On August 13, 2012, appellant was arrested and charged with aggravated assault with a deadly weapon. A prior felony conviction was alleged for purposes of enhancement. Appellant entered a plea of not guilty and a jury trial commenced on March 4, 2013. The jury found appellant guilty of aggravated assault as charged in the indictment and assessed a punishment of twenty years' confinement. The trial court made a deadly weapon finding and entered judgment on March 6, 2013. Appellant then filed a timely notice of appeal.

## ANALYSIS

### I.       Evidence Sufficient to Sustain the Conviction of Aggravated Assault

In his first issue, appellant contends that the evidence is insufficient to establish that appellant knew Doris was a passenger in Damion's car and, therefore, appellant could not have intentionally or knowingly threatened her. We disagree.

When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). This standard is the same for both direct and circumstantial evidence. *Id.*

The jury convicted appellant of aggravated assault which occurs when a person "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Under Texas law, a person commits an assault when that person "intentionally or knowingly threatens another person with imminent bodily injury, including the

person's spouse." *Id.* at § 22.01(a)(2) (West Supp. 2013). A deadly weapon is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* at § 1.07(a)(17)(A), (B) (West Supp. 2013). As a firearm is specifically mentioned in the statute, it is considered a deadly weapon *per se*. *Id.* at § 1.07(a)(17)(A).

Appellant argues that because the evidence is insufficient to demonstrate that appellant knew Doris was in the backseat of Damion's car, he could not have knowingly or intentionally threatened her. At trial, Doris testified that she was seated in the middle of the backseat of Damion's car after Damion picked her up on the highway. She further testified that although appellant sped past them on the highway, he slowed down when he noticed Damion's car. Doris testified that appellant knew Damion's car and had driven the car. Doris also testified that although the windows of Damion's car were tinted, one could see out of them at night and that, according to Doris, "there's lighting, so you can visual [sic] see who's in the car" in the area where the shooting occurred. Doris testified that she could have been injured or killed. Further, both Doris and Bjay testified that Bjay's passenger side window was down when they pulled next to appellant's car. Bjay also testified that he saw appellant leaning out of the car window and shooting a handgun at Damion's car. When considered in the light most favorable to the verdict, the facts in this case were sufficient to support a conviction of aggravated assault beyond a reasonable doubt. We overrule appellant's first point of error.

## II.    Reformation of Judgment

Appellant further contends that the judgment should be reformed to delete the deadly weapon finding and the habitual offender finding. We disagree with the former contention, but sustain the latter.

–4–

### A. Deadly Weapon

In his second point of error, appellant asserts that the trial court improperly entered an affirmative finding of a deadly weapon. We disagree.

The Texas Code of Criminal Procedure provides as follows:

> when it is shown that a deadly weapon . . . was used or exhibited during the commission of a felony offense or during the immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court.

*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2013). In a jury trial, a trial court is required to enter an "affirmative finding" in three situations: (1) the jury finds defendant guilty as alleged in the indictment and the deadly weapon has been specifically pled in the indictment; (2) the jury finds the defendant guilty as alleged in the indictment but, though not specifically pled as a deadly weapon, the weapon pled is *per se* a deadly weapon; and (3) affirmatively answered a special issue on deadly weapon use. *Vasquez v. State*, 56 S.W.3d 46, 47 (Tex. Crim. App. 2001).

In this case, the indictment alleged that appellant did "intentionally and knowingly threaten DORIS WILLIAMS with imminent bodily injury, and said defendant did use and exhibit a deadly weapon, to-wit: a FIREARM, during the commission of the assault . . . ." In addition, the jury returned a verdict finding appellant "guilty of the offense of Aggravated Assault, as charged in the indictment." As previously discussed, the deadly weapon at issue in this case is a firearm which is a deadly weapon *per se*. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A). Thus, the trial court properly entered an affirmative deadly weapon finding because the jury found appellant guilty as alleged in the indictment and the deadly weapon was specifically pled in the indictment.

Appellant's attempts to complicate this point of error with assertions that the jury failed to make the necessary findings to support a deadly weapon finding are without merit.[1] Appellant cites no authority that such findings are necessary to a deadly weapons finding and, accordingly, we overrule appellant's second point of error.

### B.    Habitual Finding

In his third point of error appellant asserts, and the State agrees, that the judgment incorrectly reflects a habitual offender finding and that the judgment should be reformed to reflect the appellant's plea and the jury's finding. We agree.

In this case, the indictment contained a single enhancement paragraph alleging a prior felony conviction. Appellant entered a plea of "true" to this paragraph and the jury also found this paragraph "true." The judgment, however, contains a plea and finding of "N/A" to the first enhancement paragraph and a plea and finding of "true" to a second enhancement/habitual paragraph.

In cases such as these, where the necessary data and information is available, we have the authority to modify the incorrect judgment. *See* TEX. R. APP. P. 43.2(b); *Villegas v. State*, No. 05-12-01397-CR, 2014 WL 1414311, at *2 (Tex. App.—Dallas Apr. 3, 2014, no pet.); *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so."); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we sustain appellant's third issue and modify the judgment to reflect the deletions of the plea and finding of "true" with respect to the second enhancement/habitual paragraph, and

---

[1] Appellant argued that the following findings were lacking from the jury's verdict: (1) findings as to whether Appellant acted as a principal or a party, and (2) findings as to whether the jury unanimously agreed about which weapon was used.

to change "N/A" to "true" with respect to the plea and finding in the first enhancement paragraph.

### III.  Court Costs

In his fourth point of error, appellant contends that the evidence is insufficient to support the imposition of court costs because the clerk's record does not contain a written bill of costs. The record before us contains the bill of costs.  Appellant's complaint has been addressed and rejected.  *See Johnson v. State*, 423 S.W.3d 385, 391-96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd).  We overrule appellant's fourth point of error.

### CONCLUSION

We reform the trial court's judgment to correctly reflect the deletions of the plea and finding of "true" with respect to the second enhancement/habitual paragraph, and to change "N/A" to "true" with respect to the plea and finding in the first enhancement paragraph.  As reformed, we affirm the trial court's judgment.

/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130390F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY FOSTER, Appellant

No. 05-13-00390-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F12-71589.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to correctly reflect the deletions of the plea and finding of "true" with respect to the second enhancement/habitual paragraph, and to change "N/A" to "true" with respect to the plea and finding in the first enhancement paragraph.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of May, 2014.

/David W. Evans/
DAVID EVANS
JUSTICE