**Everado VASQUEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–99–00269–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 2000.

Opinion Overruling Rehearing
Aug. 31, 2000.

Robert G. Turner, Houston, for Appellant.

Rikke Burke Graber, John B. Holmes, Houston, for State.

Panel consists of Justices MIRABAL, TAFT, and PRICE.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

A jury found appellant, Everado Vasquez, guilty of aggravated robbery, and assessed punishment at 40 years confinement. The trial court entered an affirmative deadly weapon finding in the judgment. We affirm.

In the published portion of our opinion, we address an issue of first impression: whether corroboration is necessary for accomplice witness testimony in order for there to be sufficient evidence to support an affirmative deadly weapon finding. Our answer is yes, corroboration is necessary, in a case such as this where the jury made an affirmative deadly weapon finding by finding the defendant "guilty as charged in the indictment."

## Facts

Appellant was the getaway driver in an aborted bank robbery attempt. Accomplice witness testimony was used to develop the details of the planning and execution of the attempted robbery. The robbery was foiled by the bank's security guard, an off-duty Houston police officer, who wounded one of the robbers, Michael Guerra, in the face.

## Accomplice Witness Corroboration Regarding Deadly Weapon

■ In his second point of error, appellant claims the accomplice witness testimony regarding his use of a deadly weapon was not sufficiently corroborated; therefore, it cannot support the trial court's entry of an affirmative finding that appellant used, or was a party to the use of, a deadly weapon. *See* TEX.CODE CRIM. P. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2000).

The State raises a threshold issue arguing that corroboration is unnecessary for the accomplice witness evidence because article 38.14 of the Code of Criminal Procedure requires corroboration only for a "conviction," and an affirmative deadly weapon finding is not a "conviction." *See* TEX.CODE CRIM. P. ANN. art. 38.14 (Vernon 1979). Although the State's argument may have merit under different facts, in the present case, it was the conviction itself that constituted the jury's affirmative deadly weapon finding, and thus corroboration of the accomplice witness testimony was necessary.

■ The *trier of fact* at both the guilt phase and the punishment phase was the *jury*. Thus, in order for the trial court to properly enter an affirmative deadly weapon finding in the judgment, there must have been an "affirmative finding" *by the jury.*[1] *See Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim.App.1985); *Johnson v. State,* 6 S.W.3d 709, 714 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd); *Jones v. State,* 986 S.W.2d 358, 363 (Tex.App.—Beaumont 1999, pet. ref'd). A jury makes an affirmative deadly weapon finding in three ways: (1) when the indictment alleg-

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The trial judge may "make" an affirmative deadly weapon finding only when the judge is the trier of fact, either at the guilt phase or the punishment phase. *Hooks v. State,* 860 S.W.2d 110, 112 n. 4 (Tex.Crim.App.1993); *Fann v. State,* 702 S.W.2d 602, 604–05 (Tex. Crim.App.1985); *Butler v. State,* 936 S.W.2d 453, 461 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd).

es the use of a deadly weapon and the jury's verdict reads "guilty as charged in the indictment"; (2) when the jury has found guilt "as alleged in the indictment" and the weapon, though not specifically pled in the indictment to be a deadly weapon, is a deadly weapon *per se;* or (3) when the jury affirmatively answers a special issue on the use of a deadly weapon. *Davis v. State,* 897 S.W.2d 791, 793 (Tex. Crim.App.1995); *Polk,* 693 S.W.2d at 394; *Johnson,* 6 S.W.3d at 713–14; *Jones,* 986 S.W.2d at 363.

In the present case, the jury did not affirmatively answer a deadly weapon special issue. Rather, the jury made the affirmative finding by finding guilt "as charged in the indictment" in light of the fact the indictment alleges the use of a deadly weapon. The indictment reads in relevant part:

> **EVERADO VASQUEZ**, hereafter styled the Defendant, on or about **MARCH 6, 1997**, did then and there unlawfully, while in the course of committing theft of property owned by Gerardo Medina and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Gerardo Medina in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm.

(Emphasis in original.) The jury found appellant guilty of "aggravated robbery, as charged in the indictment."

■ The accomplice witness testimony at the guilt phase was sufficiently corroborated; therefore, the accomplice witness testimony could be considered for all purposes, and it clearly supported the aggravated robbery conviction, upon which the entry of the affirmative deadly weapon finding in the judgment was based.

Therefore, appellant's point of error two has no merit.

We note that if we had concluded the evidence was insufficient to support the aggravated robbery guilty verdict, the affirmative deadly weapon finding would likewise fail. However, because the accomplice witness testimony was sufficiently corroborated, and the evidence was therefore sufficient to support the jury's verdict, the affirmative deadly weapon finding in the judgment stands.

We also note that a logical extension of the State's argument, and the concurring opinion's analysis, is: If the jury had instead found appellant guilty of the lesser included offense of robbery or theft, or if on appeal we reformed the judgment to convict appellant of the lesser included offense, then the trial judge's affirmative deadly weapon finding in the judgment would still be proper as long as uncorroborated accomplice witness testimony supported such a finding. This is not the law—not when the jury is the trier of fact throughout the entire trial and the jury does not make an affirmative deadly weapon finding, or its affirmative deadly weapon finding is set aside.[2]

We overrule appellant's point of error two.

A majority of the Court voted to consider point of error two en banc, and a majority of the en banc court agrees with this disposition of point of error two.

The judgment is affirmed.

Justice TAFT concurring.

En banc consideration of the second point of error was requested.

A majority of the Court voted to consider point of error two en banc.

---

**2.** We note that the three cases cited in the concurring opinion do not address an affirmative deadly weapon finding made as part of the finding of guilt during the guilt/innocence phase of a trial. Rather, they address evidence of extraneous offenses at the punishment phase, and evidence at revocation of probation hearings. The three cases are clearly distinguishable and inapplicable.

Justices COHEN, O'CONNOR, WILSON, ANDELL, and PRICE join the portion of the opinion addressing point of error two.

Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA join the concurring opinion on point of error two.

The remainder of the opinion, which is a three-judge panel opinion, does not meet the criteria for publication, and is ordered not to be published. TEX.R.App.P. 47.

Justice TAFT concurring.

Until this case, the requirement of corroboration of accomplice witness testimony in Texas arose solely from a statute. Article 38.14 of the Code of Criminal Procedure provides, "A *conviction* cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM. P. ANN. art. 38.14 (Vernon 1979) (emphasis added). Because an affirmative finding of a deadly weapon is not a conviction, article 38.14 does not require that accomplice witness testimony proving the use of a deadly weapon be corroborated. *See and compare Soliz v. State*, 171 Tex. Crim. 376, 350 S.W.2d 566, 567 (1961) (accomplice witness testimony supporting revocation of probation need not be corroborated); *Stevenson v. State*, 997 S.W.2d 766, 770 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (accomplice witness testimony establishing extraneous offenses at the punishment stage need not be corroborated).

In deciding that accomplice witness testimony proving extraneous offenses at the punishment stage of a death penalty case need not be corroborated, the Texas Court of Criminal Appeals held that article 38.14 applies only to convictions. The court reasoned that it was up to the legislature to expand or restrict the scope of article 38.14. *See Thompson v. State*, 691 S.W.2d 627, 634 (Tex.Crim.App.1984). In clear contradiction of the high court's reasoning, the main opinion expands the scope of article 38.14 to require corroboration of accomplice witness testimony establishing the affirmative finding of a deadly weapon. Even if it were proper for us to do this, there is no reason to do so in this case where the result is the same whether we apply article 38.14 as written, or as expanded by the main opinion. With this unauthorized and unnecessary expansion upon the legislature's intent, I vigorously disagree.

We should hold that accomplice witness testimony establishing the use or exhibition of a deadly weapon for purposes of an affirmative finding need not be corroborated. Because appellant does not claim that the uncorroborated accomplice witness testimony was insufficient to support the trial court's affirmative finding of a deadly weapon, we should overrule appellant's second point of error. I cannot join the majority opinion's holding that the affirmative finding of a deadly weapon, something that is not a conviction, must be supported by corroborated accomplice witness testimony.

The main opinion raises the specter of unreasonable results to which this concurring opinion would lead in two situations. First, if the majority had concluded the evidence was insufficient to support the guilty verdict, the affirmative finding would somehow survive. This is unlikely because normally we would reverse without even reaching the issue of an affirmative finding. Second, where the jury had found the accused guilty of the lesser offense of robbery or theft, the trial court could still enter an affirmative finding. Yet, how could the trial court have entered an affirmative finding the jury, as trier of fact at guilt and punishment, had never made? The main opinion raises impossible scenarios and attributes them to the concurring opinion that proposes no such things.

What I propose is simply to apply the statute as it is written, and in the way in which it has consistently been applied. In this case, it makes no difference in the result, because the accomplice witness was corroborated. There may be cases, however, where the confusion caused by the main opinion's expansion of the statute will cause a court to question whether an affirmative finding of a deadly weapon, or some other non-conviction matter, ought to be treated as a conviction so as to require corroboration of accomplice witness testimony establishing the matter. Accordingly, I can only concur with the result of the main opinion regarding point of error two, while I join the remainder of the opinion.

Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA join the concurring opinion on point of error two.

### OPINION ON REHEARING

PER CURIAM.

■ We overrule the State's "Motion for Rehearing and Motion for Rehearing En Banc," noting we agree with the State that non-accomplice corroborative evidence merely has to *tend to connect* the defendant *to the offense;* accomplice testimony need not be corroborated as to every element of the offense charged. *See* Tex. Code Crim. P. Ann. art. 38.14 (Vernon 1979); *McDuff v. State,* 939 S.W.2d 607, 613 (Tex.Crim.App.1997); *Thomas v. State,* 993 S.W.2d 392, 393 (Tex.App.—Eastland 1999, no pet.). Because the non-accomplice evidence was sufficient to connect appellant to the bank robbery, the accomplice witness testimony was properly considered for all purposes.