Opinion issued February 20, 2003










  



In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00513-CR




GREGORY ANDREW HARRIS II, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 837057




O P I N I O N

          Appellant, Gregory Andrew Harris II, was charged by indictment with
aggravated robbery.


 After finding appellant guilty, the jury assessed punishment at
20 years’ confinement. In one point of error, appellant claims the trial court erred by
entering an affirmative finding of a deadly weapon on the judgment. We affirm.
Factual Background
          At approximately 1:00 a.m., on January 29, 2000, as the complainant, Brian
McCoy, was pulling into the driveway of his apartment complex, appellant and
another male approached his car. McCoy testified that appellant ordered him to get
out of his car, and he complied. As he exited his vehicle, McCoy noticed that
appellant’s companion had a gun stuck in the waistband of his pants. At that time,
three other men joined the group standing at the car.
          Within a few seconds, the second man pulled out his gun and pointed it at
McCoy, threatening to kill him if he did not turn over his belongings. After the men
physically assaulted McCoy, by hitting him with their fists, McCoy complied with
their requests, and placed his jacket, cell phone, wallet, money and car keys on the
ground. McCoy testified that after he turned over his property, the man with the gun
said, “I’m going to take your mother f—ing life. I’m fixing to kill you. I’m going to
take everything you have.” When the man pointed the gun at McCoy, McCoy closed
his eyes and moved. After he heard the gun fire, he opened his eyes and saw the
shooter lying in the ditch. McCoy immediately ran to his apartment and called the
police. No arrests were made that night.
          On February 20, 2000, while McCoy and his cousin were at a gas station near
his home, McCoy saw appellant inside the convenience store. McCoy testified that
he recognized appellant from the night of the robbery. After leaving the store, he
immediately contacted Officer Jerome Lancaster, who was standing across the street
writing an accident report. McCoy approached Lancaster and provided him with a
copy of the offense report. After checking the offense report over his computer,
Lancaster stopped appellant as he was walking down the street from the gas station
and placed him in custody.
          Entry of Affirmative Finding of Deadly Weapon 
          In his sole point of error, appellant claims the trial court erred by entering an
affirmative finding on the judgment that a deadly weapon was used. Specifically,
appellant argues that the trial court had no authority to enter an affirmative deadly
weapon finding where the jury did not specifically find that a deadly weapon was
used in committing the charged offense. 
          In this case, the trier of fact at both the guilt phase and the punishment phase
was the jury. Thus, in order for the trial court to properly enter an affirmative deadly
weapon finding in the judgment, there must have been an “affirmative finding” by the
jury. See Polk v. State, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985); Vasquez v.
State, 25 S.W.3d 826, 827 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); Johnson
v. State, 6 S.W.3d 709, 714 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). A jury
makes an affirmative deadly weapon finding in three ways: (1) when the indictment
alleges the use of a “deadly” weapon and the jury’s verdict reads “guilty as charged
in the indictment”; (2) when the jury finds guilt as alleged in the indictment and,
though not specifically pled as a deadly weapon, the weapon is deadly per se; or (3)
when the jury affirmatively answers a special issue on the use of a deadly weapon. 
Johnson, 6 S.W.3d at 713-14.
          Here, the indictment specifically alleged the use of a “deadly weapon,” and the
jury’s verdict reads “guilty as charged in the indictment.” Therefore, the affirmative
finding of deadly weapon is supported by the first basis listed in Polk, as well as the
first basis of our holdings in Johnson and Vasquez. See Polk, 693 S.W.2d at 394;
Vasquez, 25 S.W.3d at 827-28; Johnson, 6 S.W.3d at 714. Once the jury made the
affirmative finding, the trial court was required to enter the finding on the judgment. 
See Johnson, 6 S.W.3d at 714. In other words, entering the affirmative finding in the
judgment was mandatory and the trial court had no discretion. See Johnson, 6 S.W.3d
at 714. Therefore, the trial court did not err by entering an affirmative finding that
a deadly weapon was used.
          Relying on Flores v. State, appellant argues that because the jury charge
permitted a conviction based on the law of parties, the affirmative finding could not
be entered without a special issue finding by the jury. 690 S.W.2d 281 (Tex. Crim.
App. 1985). However, Flores was decided under the pre-1991 version of article
42.12 § 3g(a)(2) of the Texas Code of Criminal Procedure. In Johnson v. State, we
explained that prior to the 1991 amendment of article 42.12 § 3g(a)(2) of the Code
of Criminal Procedure, an affirmative finding of the use of a deadly weapon could not
be entered unless the defendant himself actually used or exhibited the deadly weapon.
 Johnson, 6 S.W.3d at 714. However, after the 1991 amendment, the scope of the
law was expanded to allow entry of an affirmative finding of use of a deadly weapon
for one who was a party to a crime, as long as he knew the weapon would be used. 
Id. at 714 (citing Act of May 25, 1991, 72nd Leg., R.S. ch 541, § 1, 1991 Tex. Gen.
Laws 1876, 1876-77 (presently codified as Tex. Code Crim. P. Ann. art. 42.12 §
3g(a)(2) (Vernon Supp. 2003). “Even without a special issue submitted to the jury
requiring it to find the defendant personally used a deadly weapon, the amendment
now allows the affirmative finding if the defendant is found guilty as a party to an
offense alleging the use or exhibition of a deadly weapon.” Id. at 714; see also
Sarmiento v. State, No. 14-00-01297-CR, slip op. at 3, (Tex. App.—Houston [14th
Dist.] Nov. 14, 2002, no pet. h.).
          Here, appellant was convicted of aggravated robbery, in which the indictment
alleged a deadly weapon was used. By finding appellant guilty as alleged in the
indictment, the jury found that appellant intended that a deadly weapon would be
used during the course of the aggravated robbery. By finding this intent, the jury
necessarily found that appellant knew a deadly weapon would be used. See Tex.
Penal Code Ann. §§ 6.02(d),(e) (Vernon 1994) (proof of a higher degree of
culpability, here intentionally, constitutes proof of the lesser culpability charged, here
knowingly). Consequently, the jury specifically found that a deadly weapon was used
to commit the robbery such that the trial court was authorized to enter an affirmative
finding in the judgment. See Johnson, 6 S.W.3d 709, 714-15. 
          Accordingly, we overrule appellant’s sole point of error.
 
 
 
 
 
 
 
 
 
 
Conclusion
          We affirm the trial court’s judgment.





                                                                        Margaret Garner Mirabal



                                                                        Justice
 
Panel consists of Justices Taft, Alcala, and Mirabal.
Do not publish. Tex. R. App. P. 47.