# NOS. 12-14-00316-CR
# 12-14-00318-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANIEL WAYNE MCLEMORE,*<br>*APPELLANT* | § | *APPEALS FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Daniel Wayne McLemore appeals his convictions for deadly conduct. In his sole issue, Appellant argues that the judgment in both cases should be modified to correctly reflect the proceedings below. We modify the trial court's judgment in part, and affirm as modified.

## BACKGROUND

Appellant was indicted for aggravated assault of a public servant with a firearm. Appellant pleaded "not guilty" to the indicted offenses, but pleaded "guilty" to deadly conduct in both cases. After admonishing Appellant as to the consequences of his plea, the trial court accepted the plea and found Appellant guilty of both offenses. Appellant elected that a jury assess his punishment. After a hearing, the jury assessed Appellant's punishment at ten years of imprisonment for both offenses. The written judgments of conviction in both cases reflect that Appellant was found guilty of aggravated assault of a public servant. Moreover, the written judgments reflect that the trial court found Appellant used or exhibited a deadly weapon in both offenses. This appeal followed.

In his sole issue on appeal, Appellant argues that the judgments in both cases should be modified to reflect that he was found guilty only of deadly conduct, and that the affirmative deadly weapon finding should be deleted.

### 1. Incorrect Offense

We have authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); ***Asberry v. State***, 813 S.W.2d 526, 529 (Tex. App.–Dallas 1991, pet. ref'd). The judgment in each case incorrectly identifies the offense for which Appellant was convicted as aggravated assault of a public servant under Texas Penal Code Section 22.02. The record reflects that Appellant was convicted only of deadly conduct in both cases under Texas Penal Code Section 22.05. Accordingly, the trial court's judgments should be modified to reflect that Appellant is guilty only of deadly conduct.

This portion of Appellant's sole issue is sustained.

### 2. Deadly Weapon Finding

Appellant contends that the trial court's affirmative deadly weapon finding in its written judgments should be deleted because the record reflects that no deadly weapon finding was expressly made in any phase of the trial.[1] The State concedes that a deadly weapon finding was inappropriate and joins in Appellant's request to modify the trial court's judgment.

**Standard of Review and Applicable Law**

An affirmative finding of the use or exhibition of a deadly weapon may be made when it is shown that the defendant used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight therefrom. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2014). On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. *Id.* One purpose of entering an affirmative deadly weapon finding in a judgment is to assist the Texas Department of Criminal Justice in calculating a prisoner's parole eligibility date. *See **Johnson v. State***, 233 S.W.3d 420, 424 (Tex. App.–Fort Worth 2007, pet. ref'd).

---

[1] We note that Appellant does not challenge the sufficiency of the evidence to support the deadly weapon finding. He contends only that the judgment should be modified to reflect the true nature of the proceedings. Specifically, in Appellant's prayer for relief, he sought either a remand for a new punishment hearing, or alternatively, modification of the judgments. However, he never provided analysis or argument challenging the sufficiency of the evidence to support the finding.

Several Texas cases outline situations in which the jury, as the trier of fact, may make, or will be deemed to have made, the necessary express affirmative deadly weapon finding. *See, e.g., Lafleur v. State,* 106 S.W.3d 91, 95 (Tex. Crim. App. 2003); *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). However, when the trial court is the fact finder in one portion of the trial, it may determine the deadly weapon issue if the jury has not decided the matter. *See Fann v. State*, 702 S.W.2d 602, 604 (Tex. Crim. App. 1985) (op. on reh'g); *Vasquez v. State*, 25 S.W.3d 826, 828 n.1 (Tex. App.—Houston [1st Dist.] 2000) (stating that "trial judge may 'make' an affirmative deadly weapon finding only when the judge is the trier of fact, either at the guilt phase or the punishment phase"), *aff'd on other grounds,* 56 S.W.3d 46 (Tex. Crim. App. 2001). In such a situation, the trial court may make the finding for the first time in its written judgment when the defendant has notice that such a finding is being sought and there is sufficient evidence in the record to support the finding. *See Fann*, 702 S.W.2d at 604 (noting that "[b]y including such an affirmative finding in the judgment, the court, in essence, responds to the special issue concerning the use or exhibition of a deadly weapon"). Although the jury may make the finding during the punishment phase, depending on the circumstances, it is generally the preferred practice to determine the deadly weapon issue at the guilt-innocence phase. *See Hill v. State*, 913 S.W.2d 581, 586 (Tex. Crim. App. 1996).

Deadly conduct is a Class A misdemeanor unless the actor "knowingly discharges a firearm at or in the direction of: (1) one or more individuals; or (2) a habitation, building or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied." *See* TEX. PENAL CODE ANN. § 22.05(b), (e) (West 2011). In that case, deadly conduct is a third degree felony, with a maximum term of imprisonment for ten years. *See id.* §§ 12.34 (West 2011) (identifying range of punishment for third degree felonies); 22.05(e) (describing deadly conduct by discharging firearm is third degree felony). A firearm is a deadly weapon per se. TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West Supp. 2014); *Lafleur,* 106 S.W.3d at 99.

**Discussion**

In both cases, Appellant was indicted for aggravated assault against a public servant, and both indictments alleged that he used or exhibited a deadly weapon, specifically a firearm, during the commission of the offense. Appellant pleaded "not guilty" to the charged offense, but he made an open plea of "guilty" to the offense of deadly conduct. The trial court accepted his plea, and Appellant elected that the jury assess his punishment. The plea packet demonstrates Appellant acknowledged that he was pleading guilty to the third degree felony version of deadly conduct,

3

which necessarily required that Appellant discharge a firearm as part of the offense. *See* TEX. PENAL CODE ANN. § 22.05(b), (e).

After a hearing on punishment, the trial court, in its charge to the jury, instructed it that Appellant pleaded guilty, that the court accepted the plea after admonishing Appellant, and that the jury "will find [Appellant] guilty of the offense of deadly conduct." However, the charge did not contain a question as to whether Appellant was guilty of deadly conduct. The trial court charged the jury further that the "punishment authorized for this offense is imprisonment in the Texas Department of Criminal Justice for any term of not more than ten years or less than two years, and in addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $10,000.00." The charge did not contain a special issue asking the jury to decide whether Appellant used or exhibited a deadly weapon during the commission of the offense or immediate flight therefrom.

However, the trial court instructed the jury in accordance with Article 37.07, Section 4(a), which under these circumstances, is the relevant charge when there is an affirmative deadly weapon finding. *See* TEX. CODE CRIM. PROD. ANN. art. 37.07 § 4(a) (West Supp. 2014). Furthermore, the trial court noted in its judgment that it, as opposed to the jury, found Appellant used or exhibited the firearm, a deadly weapon per se, during the commission of the offense. Given that this issue is best decided during the guilt-innocence phase, the trial court could have made this determination since it was the fact finder during that phase of the trial. *See **Hill***, 913 S.W.2d at 586; ***Fann***, 702 S.W.2d at 604; ***Vasquez***, 25 S.W.3d at 828 n.1.

Appellant also points to the fact that no express finding was made on the record prior to the court's written judgment. Although the record reflects that the trial court did not orally pronounce an affirmative deadly weapon finding, we note that the trial court is not required to orally announce a deadly weapon finding at sentencing, because it is not part of sentencing. *See **Ex parte Huskins***, 176 S.W.3d 818, 820–21 (Tex. Crim. App. 2005). The trial court may include an affirmative deadly weapon finding in its written judgment if the allegation of use of a deadly weapon is clear from the face of the indictment. *See **id.*** The declaration in the written judgment itself that Appellant used or exhibited a deadly weapon may serve as the express affirmative finding when the trial court is the fact finder over a portion of the trial and the jury has not decided the issue. *See **Fann***, 702 S.W.2d at 604.

The indictments themselves clearly allege that Appellant used a firearm during the commission of the offenses. *See **Narron v. State***, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992)

4

(holding defendant had sufficient notice of prosecutor's intent to seek deadly weapon finding where indictment alleged defendant used firearm, which is deadly weapon per se). Furthermore, it is clear from the record that Appellant had notice he would be subject to the third degree felony version of deadly conduct, which predicates conviction on the discharge of a firearm. *See **Blount v. State***, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (holding defendant had notice that deadly weapon was an issue in burglary case where indictment also alleged he entered habitation with intent to commit aggravated assault, because aggravated assault necessarily involves use of deadly weapon by statute). Finally, the evidence showed that Appellant was involved in a shootout with police at night. The ensuing manhunt took place over approximately thirteen hours. Once spotted, Appellant did not surrender, but attempted to shoot officers again before he was shot first by members of the Texas Department of Public Safety Special Response Team. The evidence is sufficient to support the finding that Appellant used or exhibited a deadly weapon during the commission of the offense or immediate flight therefrom.

Even though the State has conceded this issue, in light of the facts in the record, we conclude that we lack the authority to delete the affirmative deadly weapon finding from the trial court's judgments.

We overrule this portion of Appellant's sole issue.

#### DISPOSITION

Having sustained Appellant's sole issue in part, we *modify* the judgments of the trial court to reflect that Appellant was found guilty of deadly conduct under Texas Penal Code Section 22.05(b) instead of aggravated assault against a public servant. *See* TEX. R. APP. P. 43.2(b). Having overruled the remaining portion of Appellant's sole issue pertaining to the trial court's affirmative deadly weapon finding, we *affirm* the trial court's judgment as modified.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 2, 2015

### NO. 12-14-00316-CR

**DANIEL WAYNE MCLEMORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 22,003-2013)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant was found guilty of deadly conduct under Texas Penal Code Section 22.05(b) instead of aggravated assault against a public servant; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2015**

**NO. 12-14-00318-CR**

**DANIEL WAYNE MCLEMORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 22,005-2013)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that Appellant was found guilty of deadly conduct under Texas Penal Code Section 22.05(b) instead of aggravated assault against a public servant; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*