FILED
*December 21, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00531-CR
8334008
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/21/2015 10:34:34 PM
JEFFREY D. KYLE
CLERK

No. 03-14-0531-CR

IN THE
COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/21/2015 10:34:34 PM
JEFFREY D. KYLE
Clerk

# DERRICK KUYKENDALL

Appellant

v.

**The State of Texas**
Appellee

On Appeal In Case Number D1DC-13-300701
From the 147ST District Court of Travis County
The Hon. Bert Richardson, Judge Presiding

# Brief on Appeal

Submitted by:

The Law Offices of Ariel Payan
1012 Rio Grande
Austin, Texas 78701
Tel. 512/478-3900
Fax: 512/472-4102
arielpayan@hotmail.com

**Ariel Payan**
State Bar No. 00794430

Court-Appointed Attorney for Appellant

**Oral Argument Requested**

# Table of Contents

Certificate of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Point of Error. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Facts Relevant to Appeal.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Certificate of Delivery.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# Certificate of Parties

Pursuant to Rule 38.1(a), Rules of Appellate Procedure ("Tex.R.App.Pro."), the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, as well as appellate counsel, so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

## Appellant

Derrick Kuykendall
TDCJ-ID No. 01946959
Holliday Unit
295 IH 45 N
Huntsville, TX 77320

Appellate Counsel:                                    Trial Counsel:
                                                      Jackie Wood
Ariel Payan                                           Karen Gross
1012 Rio Grande                                       1502 West Ave
Austin, Texas  78701                                  Austin, TX 78701

## State of Texas

Rosemary Lehmberg
P.O. Box 1748
Austin, TX 78767

Appellate Counsel:                                    Trial Counsel:

Scott Taliaferro                                      Anna Lee McNelis
                                                      Marc Chavez

# Index of Authorities

**Federal Cases**:

Beck v. Alabama, 447 U.S. 625, 634 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Texas Cases**:

Abdnor v. State, 871 S.W.2d 726, 732 (Tex.Cr.App. 1994).. . . . . . . . . . . . . . . . . . . . . 7

Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984). . . . . . . . . . . . . . . . 7, 8, 15

Arline v. State, 721 S.W.2d 348 (Tex.Cr.App. 1986).. . . . . . . . . . . . . . . . . . . . . . . . . 15

Blount v. State, 257 S.W.3d 712, 713 (Tex.Cr.App. 2008). . . . . . . . . . . . . . . . . . . . . . 8

Cavazos v. State, 382 S.W.3d 377, 382 (Tex.Cr.App. 2012.. . . . . . . . . . . . . . . . . 11-14

Crumpton v. State, 301 S.W.3d 663, 664 (Tex.Cr.App. 2009).. . . . . . . . . . . . . . . . . . . 8

Frank v. State, 688 S.W.2d 863, 868 (Tex.Cr.App. 1985). . . . . . . . . . . . . . . . . . . . . . . 8

Guzman v. State, 188 S.W.3d 185, 188–89 (Tex.Cr.App. 2006).. . . . . . . . . . . . . . . . . 12

Hampton v. State, 109 S.W.3d 437, 441 (Tex.Cr.App. 2003). . . . . . . . . . . . . . . . . . . . 12

Herron v. State, 86 S.W.3d 621, 632 (Tex.Cr.App. 2002). . . . . . . . . . . . . . . . . . . . . . . 9

Hutch v. State, 922 S.W.2d 166 (Tex.Cr.App. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . 15

Marras v. State, 741 S.W.2d 395 (Tex.Cr.App. 1987). . . . . . . . . . . . . . . . . . . . . . . . . 15

Moore v. State, 969 S.W.2d 4, 8 (Tex.Cr.App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 12

Mouton v. State, 923 S.W.2d 219, 221–22 (Tex.App.-Houston [14th Dist.] 1996, no pet.)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Posey v. State, 966 S.W.2d 57 (Tex.Cr.App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Posey v. State, 966 S.W.2d 57, 60 (Tex.Cr.App. 1998). . . . . . . . . . . . . . . . . . . . . . . . 7

Rice v. State, 333 S.W.3d 140, 144 (Tex.Cr.App. 2011). . . . . . . . . . . . . . . . . . . . . . 12

Rousseau v. State, 855 S.W.2d 666 (Tex.Cr.App. 1993). . . . . . . . . . . . . . . . . . . . . . 15

Saunders v. State, 840 S.W.2d 390, 391 (Tex.Cr.App. 1992). . . . . . . . . . . . . . . . . . . 13

Saunders v. State, 913 S.W.2d 564 (Tex.Cr.App. 1995). . . . . . . . . . . . . . . . . . . . . . 15

Skinner v. State, 956 S.W.2d 532 (Tex.Cr.App. 1997). . . . . . . . . . . . . . . . . . . . . . . 15

State v. Meru, 414 S.W.3d 159, 162 (Tex.Cr.App. 2013). . . . . . . . . . . . . . . . . . . 11, 12

Tello v. State, 180 S.W.3d 150 (Tex.Cr.App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 10

Vasquez v. State, 25 S.W.3d 826, 828 n. 1 (Tex.App.-Houston [1st Dist.] 2000) aff'd on other grounds, 56 S.W.3d 46 (Tex.Cr.App. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . 7

Villalba v. State, No. 05–13–01661–CR, 2015 WL 1514453, at *4–7 (Tex.App.–Dallas Mar. 31, 2015, pet. ref'd) (mem. op., not designated for publication). . . . . . . . . . . . . . . . . . 14

**Texas Constitution**:

Tex. Const. art. I, § 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Texas Statutes / Codes**:

Tex. Pen. Code Ann. § 6.03(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Penal Code Ann. § 19.05(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Penal Code Ann. § 6.03(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Penal Code Ann. § 19.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Penal Code Ann. § 6.03(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Penal Code Ann. § 6.03(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Pen. Code § 19.05(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex.Code Crim. Proc. Ann. art. 36.19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**Other References**:

## Preliminary Statement

Pursuant to Tex.R.App.Pro. 38.1(d), the following is a brief general statement of the nature of the cause or offense:

> Appellant, Derrick Kuykendall, was charged by indictment with the offense of murder, a felony, in Cause No. D1DC 13-300701 in the 147[th] District Court of Travis County, Texas. He was convicted of manslaughter and was sentenced to 15 years incarceration. Notice of Appeal was timely given.

## Point of Error

Pursuant to Tex.R.App.Pro. 38.1(f), the following are the points upon this appeal is predicated:

> **THE TRIAL COURT ERRED IN FAILING TO PROPERLY INSTRUCT THE JURY REGARDING THE SPECIAL ISSUE OF A DEADLY WEAPON AND SUCH WAS HARMFUL TO APPELLANT**
>
> **THE TRIAL COURT ERRED IN FAILING TO PROPERLY INSTRUCT THE JURY REGARDING THE LESSOR INCLUDED CHARGE OF CRIMINALLY NEGLIGENT HOMICIDE AND SUCH WAS HARMFUL TO APPELLANT**

No. 03-14-0531-CR

IN THE
COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS, AT AUSTIN

# DERRICK KUYKENDALL
Appellant

v.

**The State of Texas**
Appellee

On Appeal In Case Number D1DC-13-300701
From the 147ST District Court of Travis County
The Hon. Bert Richardson, Judge Presiding

# Brief on Appeal

TO THE HONORABLE JUDGES OF THE THIRD COURT OF APPEALS:

COMES NOW, DERRICK KUYKENDALL, Appellant in the above styled and numbered cause, by and through Ariel Payan, his undersigned attorney of record, and respectfully files this "Brief on Appeal," filed pursuant to Tex.R.App.Pro. 38.1, and would pursuant to 38.1(g) show the Court as follows:

1

**Facts Relevant to Appeal**

On March 31, 2013, Jonathan Fischer, Terrance Caldwell, Qualyn Young, Adrian Garrett, Dessiny Guyton, Ashley Scott and the victim, Bennie Deshawn Heslip, were all leaving downtown 6th street area heading home. (R.R. Vol. 3, pg 134). The group had been downtown enjoying the after party for the Texas Relay races held earlier that day in Austin. This group of four men and three women had arrived separately in the downtown area and met up to head home together, they all knew each other from high school and in many cases long before that. The group walked up to where Young and Fischer had parked their vehicles in the 11th street and Trinity surface parking lot. They had all been drinking to varying degrees of intoxication.

Appellant had arrived downtown with three women that night as well, Cadrea Bundy, and her cousins Brystal Holcombe and Destiny Moore. (R.R. Vol. 4, pg 195). Appellant had been dating Bundy off and on for some time, and they had left her home in Killeen to come to Austin for this event. (R.R. Vol. 4, pg 195). The cousins had been drinking heavily before being picked up by Bundy and Appellant in Round Rock. (R.R. Vol. 4, pg 200). When they arrived in Austin to the 11th Street and Trinity parking lot, the girls went one way and Appellant went another, to give them time to be together. (R.R. Vol. 4, pg 201). Bundy had given her car keys to Appellant, because she did not have any pockets. (R.R. Vol. 4, pg 204). After the bars closed, the girls returned to the car, only to remember that they did not have the keys and had to sit by the car while Bundy contacted Appellant

2

and told him how to get from where he was back to the parking lot. (R.R. Vol. 4, pg 207). During that time Moore was sitting on the trunk of the car while Holcombe was sick and laying on the ground next to it. (R.R. Vol. 4, pg 205).

Qualyn Young was driving a black Mercedes, and the Victim ended up in the front passenger seat as they began to get ready to head home, Adrian Garrett sat in the passenger rear behind him, and Ashley Scott sat behind the driver, Young. (R.R. Vol. 3, pg. 216-7). Jonathan Fischer was driving an orange Dodge Charger  Terrance Caldwell sat in front, Dessiny Guyton sat in the back.

Qualyn Young saw Moore  sitting on the trunk, and went over and spoke to her in an effort to get her phone number. While he was speaking to her, Appellant walked up and got in the car for a moment. (R.R. Vol. 3, pg. 146). Appellant did not say anything to Young as he was speaking to Moore. Young got back into his vehicle and started to leave. Fischer pulled out of the parking spot and started to leave, Young began to follow him but stopped after he was out of his spot. (R.R. Vol. 3, pg. 183). Young stopped his vehicle, Holcombe sitting in the driver rear side of Bundy's vehicle opened her door, leaned out and yelled at Young's vehicle to move. (R.R. Vol. 4, pg. 267). Scott, sitting in the driver rear side had her window partially down, yelled back at Bundy's car. (R.R. Vol. 3, pg. 219). Bundy, thinking the Mercedes was being rude, got out of her car and approached Scott yelling at her. (R.R. Vol. 4, pg. 209-210). This argument led to Bundy swinging at Scott, and all

3

three cars emptied putting all 10 of these people in this small area. (R.R. Vol. 4, pg. 215).

Appellant exited the front passenger seat of Bundy's vehicle. He was directly next to a red Trailblazer. The Mercedes was partially blocking the rear of his vehicle, and he walked to the trunk of his vehicle in an attempt to get Bundy to get back in the car. Holcombe and Moore both got out and attempted to pull Bundy back to her car. Young was out of his car and standing near to his driver door, Scott remained inside the back of the car with the window partially down. Garrett walked around the front of the Mercedes and headed towards Bundy. The victim got out and began to follow her. Meanwhile Fischer's vehicle had stopped a small distance away and they all got out of their car and started to head back to the confrontation. Caldwell, moving quickly, passed by the Trailblazer and the passenger side of Bundy's vehicle walking past Appellant. Caldwell described the victim as telling everyone to 'chill' and moving towards Appellant. (R.R. Vol. 3, pg. 104). Appellant looked calm and was not yelling or moving. (R.R. Vol. 3, pg. 104). Caldwell saw the victim put both his hands on Appellant's shoulders . (R.R. Vol. 3, pg. 147, 151-2, 175). Caldwell did not see the victim with any weapons. (R.R. Vol. 3, pg. 110). Caldwell saw Appellant pull a gun out of his back pocket and begin to raise it upwards. Caldwell yelled 'watch out he has a gun'. (R.R. Vol. 3, pg. 111). The weapon discharged once, the victim started to stumble backwards and the weapon discharged a second time. The second shot

4

struck the victim, through the heart, killing him. Appellant and the other three girls got back in their vehicle and left quickly.

The State charged Appellant with murder in a two count indictment. Count I was murder as proscribed under Texas Penal Code 19.02 (b)1, intentionally or knowingly causing the death of an individual, and Count II alleged murder under 19.02 (b)2, intending to cause serious bodily injury and commits an act clearly dangerous to human life that causes death. C.R. pg 29. Each paragraph contains a deadly weapon notice to wit: a firearm, but there is no separate deadly weapon allegation except what is contained within each individual paragraph alleging murder. Appellant was acquitted of both murder counts in his indictment, but the jury convicted him of a lessor included manslaughter charge, for which the jury assessed him 15 years incarceration, no fine, and the jury did not make any affirmative findings, as the State failed to request one over the objections of the defense.

### Summary of the Argument

Pursuant to Tex.R.App.Pro. 38.1(h), the following is a brief summary of the argument presented in this appeal:

The trial court erred in failing to give a requested instruction during the guilt innocence phase of the trial. Appellant requested that the trial court provide the jury with

5

a verdict form that included the option to make an affirmative finding of a deadly weapon, which was refused.

The trial court erred in failing to give an instruction on criminal negligent homicide. Testimony was presented that provided a scintilla of evidence supporting such a charge.

**THE TRIAL COURT ERRED IN FAILING TO PROPERLY INSTRUCT THE JURY REGARDING THE SPECIAL ISSUE OF A DEADLY WEAPON AND SUCH WAS HARMFUL TO APPELLANT**

The procedure to review jury charge error is prescribed in article 36.19 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 36.19; see Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984). The court must determine: (1) whether error actually existed in the charge, and (2) whether sufficient harm resulted from the error to result in a reversal. See Posey v. State, 966 S.W.2d 57, 60 (Tex.Cr.App. 1998). The standard of harm required for reversal depends on whether trial counsel objected. See Abdnor v. State, 871 S.W.2d 726, 732 (Tex.Cr.App. 1994). If a timely objection was made at trial, then the appellate court needs only find "some harm." See Almanza, 686 S.W.2d at 171. By contrast, if the first complaint of charge error is made on appeal, then the appellate court must find "egregious harm." See id.

In the instant case, the record reflects that the defense objected to the trial court and State not submitting an affirmative finding of a deadly weapon verdict form to the jury at guilt. This conversation was had off the record, but the trial judge recounted and memorialized the conversation during the punishment charge conference. See (R.R. Vol. 10, pg. 74). A deadly weapon finding may be made at either guilt or punishment by the trier

of fact.  See Vasquez v. State, 25 S.W.3d 826, 828 n. 1 (Tex.App.-Houston [1st Dist.] 2000) (stating that fact finder, "may 'make' an affirmative deadly weapon finding ...either at the guilt phase or the punishment phase"), aff'd on other grounds, 56 S.W.3d 46 (Tex.Cr.App. 2001).  Appellant's objection to the lack of special finding was timely made and preserved for review.  Appellant was entitled to the jury affirmatively making the ruling regarding the use of a deadly weapon, regardless of an 'implied' or 'assumed' finding.  See, Crumpton v. State, 301 S.W.3d 663, 664 (Tex.Cr.App. 2009);  Blount v. State, 257 S.W.3d 712, 713 (Tex.Cr.App. 2008).  Denial of a requested charge that Appellant is entitled to is error. Frank v. State, 688 S.W.2d 863, 868 (Tex.Cr.App. 1985).

Whenever it appears by the record in any criminal action upon appeal [that a charge error has occurred], the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of trial.  Tex.Code Crim. Proc. Ann. art. 36.19.

Under Almanza v. State, 686 S.W.2d at 157 (Tex.Cr.App. 1984), the appropriate harm analysis depends upon whether the defendant preserved error by bringing the improper omission to the trial court's attention.  When the error is properly preserved, a reversal is required if "some harm" is shown.  But when the defendant has failed to preserve error, he must show egregious harm. The difference in harm standards impacts how strong the

8

non-accomplice evidence must be for the error in omitting an accomplice witness instruction to be considered harmless. Herron v. State, 86 S.W.3d 621, 632 (Tex.Cr.App. 2002).

Here since an objection was timely made Appellant only need show 'some harm'. The jury is the ultimate trier of fact in this case. The jury can decide what issues it wishes to resolve and in what manner it resolves them, so long as they have a vehicle to effectuate their decision making process. See, Mouton v. State, 923 S.W.2d 219, 221–22 (Tex.App.-Houston [14th Dist.] 1996, no pet.); Tex. Const. art. I, § 8. The inclusion of the 'assumed' deadly weapon finding harmed Appellant in that he will serve more time on his sentence than otherwise. The jury should have been given the opportunity to make the affirmative finding on the verdict form, as requested by the defense. The failure to so include was error and harmful to Appellant. Appellant would request that this Court so find and reverse and remand for a new trial.

**THE TRIAL COURT ERRED IN FAILING TO PROPERLY INSTRUCT THE JURY REGARDING THE LESSOR INCLUDED CHARGE OF CRIMINALLY NEGLIGENT HOMICIDE AND SUCH WAS HARMFUL TO APPELLANT**

In the instant case defense counsel requested the lessor included charge of criminally negligent homicide, and submitted a written request that the trial judge ruled on, which is included in the record. C.R. pg. 120. Appellant was originally charged with two counts of

murder, and after Appellant testified at guilt/innocence the trial judge granted the defense request for the lessor included of manslaughter, but denied a criminal negligence instruction.

Criminally negligent homicide is defined as when, a person commits an offense if he causes the death of an individual by criminal negligence. Tex. Pen. Code 19.05(a). Criminal negligence is defined as:

> Criminally negligent homicide requires not only a failure to perceive a risk of death, but also some serious blameworthiness in the conduct that caused it. The risk involved must have been substantial and unjustifiable, and the failure to perceive that risk must have been a gross deviation from reasonable care.

Tello v. State, 180 S.W.3d 150, 158 (Tex.Cr.App. 2005). The penal code defines criminal negligence as:

> A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's stand point.

Tex. Pen. Code Ann. § 6.03(d). The State's theory of the case was that Appellant killed the victim without provocation or justification. Appellant testified that he due to the physical beating that he had suffered in the recent past, (R.R. Vol. 8, pg. 40), as well as his physical and psychological trauma he suffered from being shot himself three years prior, (R.R. Vol. 8, pg. 37-39), and that the victim and other men were rushing towards him he was afraid of being attacked and seriously injured. (R.R. Vol. 8, pg. 61-2). Appellant thought that the

10

victim was reaching for a weapon as he rushed towards him, noting that his hands were grabbing at his pockets as he came at him. (R.R. Vol. 8, pg. 61). Appellant felt like he could not escape or retreat because of the physical layout of the parking lot and the speed the victim approached him. (R.R. Vol. 8, pg. 62). Appellant pulled the firearm out of his back pocket and tried to fire a single warning shot to force the victim back away from him. (R.R. Vol. 8, pg. 62). Appellant does not remember firing a second shot, further he testified that he was not trying to shoot anyone. (R.R. Vol. 8, pg. 63). Appellant testified that the victim was on top of him so quickly that he did not have time to aim. The defense attorney asked him if he aimed the weapon, Appellant responded:

> No, ma'am. I barely -- I barely got -- I didn't even have time to aim. I just took it out of my pocket and shot. I probably could have shot myself. I didn't have time to aim.

(R.R. Vol. 8, pg. 65). At the time of the first shot, Caldwell's testimony was that the victim had his hands on Appellant's shoulders, during the short pause, which every eye witness testified to, between shots, the victim started to fall backwards. At which point the second shot struck him in the chest, and then he fell to the ground.

Court's traditionally utilize a two-step Aguilar/Rousseau analysis to determine whether the trial court should have given the jury a lesser-included offense instruction. State v. Meru, 414 S.W.3d 159, 162 (Tex.Cr.App. 2013); Cavazos v. State, 382 S.W.3d 377, 382 (Tex.Cr.App. 2012). First, the Court must determine as a matter of law whether the requested instruction is indeed a lesser-included offense of the offense charged. Meru, 414

11

S.W.3d at 162; Cavazos, 382 S.W.3d at 382; Hall v. State, 225 S.W.3d 524, 535 (Tex.Cr.App. 2007). To do this, the appellate courts compare the elements of the offense as alleged in the indictment with those of the requested lesser offense. Meru, 414 S.W.3d at 162. This is a question of law that is independent of the evidence produced at trial. Rice v. State, 333 S.W.3d 140, 144 (Tex.Cr.App. 2011); see also Meru, 414 S.W.3d at 162. Second, as a question of fact, the court must determine there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. See Meru, 414 S.W.3d at 162–63; Guzman v. State, 188 S.W.3d 185, 188–89 (Tex.Cr.App. 2006).

"Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on a lesser offense." Cavazos, 382 S.W.3d at 385; see also Meru, 414 S.W.3d at 163. Further, in determining whether the evidence presented at trial supported an instruction on a lesser-included offense, a reviewing court may not consider whether the evidence presented was "credible, controverted, or in conflict with other evidence." Moore v. State, 969 S.W.2d 4, 8 (Tex.Cr.App. 1998).

Nevertheless, the evidence supporting an instruction on a lesser-included offense "must still be directly germane to the lesser-included offense[.]" Cavazos, 382 S.W.3d at 385; see also Hampton v. State, 109 S.W.3d 437, 441 (Tex.Cr.App. 2003) (evidence must be "directly germane" to lesser-included offense before an instruction on a lesser-included offense is warranted). Further, this "threshold requires more than mere speculation—it

12

requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." Cavazos, 382 S.W.3d at 385.

Criminally negligent homicide is a lesser-included offenses of murder. See Saunders v. State, 840 S.W.2d 390, 391 (Tex.Cr.App. 1992) (criminally negligent homicide is a lesser-included offense of murder). As such, the only issue for consideration is whether there was any evidence presented at trial from which a rational jury could have found Appellant guilty of the lesser-included offense, and not guilty of the greater offense of murder.

Murder is statutorily defined as intentionally or knowingly causing the death of another, or alternatively, intentionally or knowingly causing serious bodily injury to another by committing an "act clearly dangerous to human life," resulting in that person's death. Tex. Penal Code Ann. § 19.02 (West 2011). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Id. at § 6.03(a) (West 2011). A person acts knowingly when he is aware of the nature of his conduct and that his conduct is reasonably certain to cause the result. Id. at § 6.03(b).

A person commits criminally negligent homicide if he causes the death of an individual by criminal negligence. Id. at § 19.05(a) (West 2011). A person acts with criminal negligence when he ought to be aware of a substantial and unjustifiable risk that the result will occur. Id. at § 6.03(d).

For Appellant to have been entitled to an instruction on criminally negligent homicide, the record has to contain "some affirmative evidence" that Appellant did not intend to kill or cause serious bodily injury to the victim, thereby allowing a rational jury to find him not guilty of murder. In addition, there had to be "some affirmative evidence" from which a rational juror could have concluded that Appellant had the lesser mental state required for criminally negligent homicide, i.e., that he acted in conscious disregard of an unjustifiable risk that his conduct would cause the victim's death, or alternatively that he ought to have, but did not, perceive that his conduct would result in the victim's death. Cavazos, 382 S.W.3d at 385; see also Villalba v. State, No. 05–13–01661–CR, 2015 WL 1514453, at *4–7 (Tex.App.–Dallas Mar. 31, 2015, pet. ref'd) (mem. op., not designated for publication).

Here the jury found Appellant not guilty of murder, so the evidence he presented that he did not intend to cause the death of the victim is self evident. Second, Appellant testified that he did not intend to shoot the victim, only to fire a warning shot to get him away, and that he only remembers firing a single round. That round did not strike the victim, the evidence is uncontroverted that it was the second shot that killed the victim. A 'scintilla' of evidence exists that Appellant did not intend to fire the weapon at the victim, and that he consciously disregarded the risk of firing a weapon with an individual so close to him without be able to aim the weapon. Further, Appellant did not believe at that time, that he fired more than the single warning shot into the air. The lack of any evidence of intent or motive from the State, allows for some evidence to exist in the record that would permit a

14

rational jury to find that, if the Appellant is guilty, he is guilty only of the lesser offense of criminally negligent homicide. See Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Cr.App. 1993); see also Skinner v. State, 956 S.W.2d 532, 543 (Tex.Cr.App. 1997).

If evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the court's charge. See Marras v. State, 741 S.W.2d 395, 405 (Tex.Cr.App. 1987). This is particularly true where the defendant objects to the omission of the charge or presents a special requested charge. See Posey v. State, 966 S.W.2d 57, 61 (Tex.Cr.App. 1998). Having determined that there was error in the charge, this Court must now decide if sufficient harm was caused by the error to require a reversal. See Hutch v. State, 922 S.W.2d 166, 170 (Tex.Cr.App. 1996). Error properly preserved by an objection will require reversal "as long as the error is not harmless." Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984) (op. on reh'g). This has been interpreted to mean any harm regardless of degree. See Hutch, 922 S.W.2d at 171 (citing Arline v. State, 721 S.W.2d 348, 351 (Tex.Cr.App. 1986)).

Without the instruction on the requested lesser included offenses the jury is left with the sole option of either to convict on the charged offense or to let him go; harm is automatic because the jury was denied the opportunity to convict on the lesser included. See Saunders v. State, 913 S.W.2d 564, 571 (Tex.Cr.App. 1995). The jury believing the defendant to have done something, but with the only option to convict him of a greater offense, may choose to convict him rather than acquit, even though the jury had a reasonable doubt of whether

15

he really committed the greater offense. See id. at 571 (citing Beck v. Alabama, 447 U.S. 625, 634 (1980)).

The jury was given the option of convicting Appellant of murder or manslaughter. Clearly the jury did not find Appellant had the requisite intent to find him guilty of murder but found him guilty of manslaughter the lessor culpable mental state. The jury should have been given the option to determine whether Appellant was guilty of criminally negligent homicide, failure to so include harmed Appellant and his case should be reversed and remanded for a new trial on this issue.

## Prayer

WHEREFORE, PREMISES CONSIDERED, DERRICK KUYKENDALL, Appellant in the above styled and numbered cause respectfully prays that this Court grant him any and all relief to which he is entitled.

Respectfully submitted,

**ARIEL PAYAN**
Attorney at Law
1012 Rio Grande
Austin, Texas 78701
Tel. 512/478-3900
Fax: 512/472-4102
arielpayan@hotmail.com

by: /s/ Ariel Payan
**Ariel Payan**
State Bar No. 00794430

Attorney for Appellant

## Statement Regarding Oral Argument

Oral Argument is Requested

## Certificate of Compliance

I hereby certify pursuant to T.R.A.P. 9.4(i)(3), the word count for this document, as determined by the word processing program is   3753                    .

/s/ Ariel Payan
**Ariel Payan**

## Certificate of Delivery

This is to certify that a true and correct copy of the above and foregoing "Appellant's Brief on Appeal" was delivered via email or hand-delivered, mailed postage pre-paid or transmitted via telecopier (*fax*) to the  office of the District Attorney of Travis County, Texas; and to Appellant at the address listed in the Certificate of Parties, on December 21, 2015

 /s/ Ariel Payan
**Ariel Payan**